IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS CLARY, | HON. JEROME B. SIMANDLE |
| Petitioner, | Civil No. 10-4853 (JBS) |
| | Criminal No. 00-04(JBS) |
| v. | |
| UNITED STATES OF AMERICA, | **MEMORANDUM OPINION** |
| Respondent. | |

**SIMANDLE**, District Judge:

This matter is before the Court on the motion of Petitioner Thomas Clary to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  The Court, having conducted a preliminary review of the Petition under Rule 4(b) of the Rules Governing § 2255 Cases, and determining that Petitioner is plainly not entitled to relief, the Court will dismiss the Petition sua sponte.  THIS COURT FINDS AS FOLLOWS:

1.  On March 10, 2000, Clary pleaded guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922. [Cr. Docket Item 14.]  Clary was sentenced on June 13, 2000 to a term of 80 months imprisonment and a term of three years supervised release.  [Cr. Docket Item 16.]

2.  On October 25, 2006, Clary pleaded guilty to one count of violating the terms of supervised release. [Cr. Docket Item 23.]  On January 11, 2007, Clary's term of supervised release was

revoked, and he was sentenced to a term of twelve months and one day imprisonment and eleven months and 29 days supervised release. [Cr. Docket Item 25.]

    3.  On October 19, 2007, while again on supervised release, Clary was arrested by Cherry Hill, New Jersey, police and charged with seven counts of state felony offenses.  (Pet. Ex. A, Docket Item 1.)  On November 13, 2007, this Court issued an arrest warrant for Clary for violation of the terms of his supervised release. [Cr. Docket Item 26.]  Clary pleaded guilty in state court to one count of second degree resisting arrest/eluding in violation of N.J. Stat. Ann. 2C:29-2(b) on July 21, 2008.  He was sentenced in state court on September 9, 2008 to a term of five years imprisonment.  (Pet. Ex. A.)  On July 17, 2009, Magistrate Judge Williams issued a writ of habeas corpus ad prosequendum directing the New Jersey state prison warden to produce Clary before this Court for violation of supervised release. [Cr. Docket Item 28.]  On August 11, 2009, Clary pleaded guilty to one count of violating the terms of supervised release. [Cr. Docket Item 29.]  His term of supervised release was revoked, and he was sentenced to eleven months and twenty nine days imprisonment, which the Court specified would "run consecutively to the defendant's imprisonment under any previous state or federal sentence."  [Cr. Docket item 31.]

4.  On September 17, 2010[1], Clary filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. [Docket Item 1.]  The Court interprets his motion as challenging two aspects of his current confinement.  First, Clary argues that because he was not granted an initial appearance before the Court until August 11, 2009, more than 18 months after the Court issued his arrest warrant, during which time he was held in state custody, the Court violated Rule 32.1, Fed. R. Crim. P.  Thus, Clary argues, the Court's denial of a prompt probable cause hearing was a violation of his due process rights.  Second, Clary argues that he should be given credit toward his federal sentence for the time he served in state custody under 18 U.S.C. § 3585(b).

5.  On September 27, 2010, the Court advised Clary that it had received his motion identified as a first petition challenging his conviction and incarceration under § 2255, and alerting him to the fact that his motion appeared to have been filed out of time, and providing him an opportunity to amend or

---

[1] Clary's signature is dated September 13, 2010, but includes the signature of a notary public which is dated September 17, 2010. Pursuant to the "prison mailbox rule" of Houston v. Lack, 487 U.S. 266 (1988), a pro se prisoner's § 2255 petition is deemed filed on the date it was placed in the prison mail system. See also Rule 3(d), Rules Governing § 2255 Cases (dating time of filing as date motion placed in prison mail system.)  Thus, as Clary could not have mailed his motion prior to the date it was notarized, the Court will deem it filed on September 17, 2010.

withdraw the motion.  [Docket Item 2.]  Clary subsequently responded with an "Ammendum" sent on September 28, 2010 [Docket Item 3], and an additional letter to the Court on November 4, 2010 [Docket Item 4], neither of which addressed the issue of timeliness identified by the Court.

6.  Rule 4(b) of the Rules Governing § 2255 Cases provides that "[t]he judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  In United States v. Bendolph, 409 F.3d 155, 167 (3d Cir. 2005), the Third Circuit held that a district court has the authority to raise a statute of limitations issue sua sponte, even after the Rule 4 period.  Thus, the Court will review the motion, prior to ordering the government to answer, and will consequently dismiss the motion as untimely.

7.  The Court notes that, as Clary is proceeding without a lawyer, the Court will hold his petition to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  Such a petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998).

4

8. A § 2255 motion usually must be filed within one year of the challenged conviction becoming final. 28 U.S.C. § 2255(f)(1). When a defendant does not appeal a sentence, judgment becomes final ten business days after the entry of the sentence. See Fed. R. App. P. 4(b) (time to file notice of appeal from criminal judgment is 14 days). In the present case, judgment was entered against Clary on August 11, 2009, and judgment became final on August 25, 2009. Thus, Clary would have had to file his § 2255 motion no later than August 25, 2010 to be timely under the statute. There are unusual circumstances under § 2255(f)(2)-(4) in which a motion filed later than one year after judgment became final might still be timely, but Clary has not identified any such circumstance after having been given an opportunity to do so, and the Court independently finds none. The Court therefore holds that because Clary filed his § 2255 motion on September 17, 2010, the motion was untimely by approximately 23 days.

9. To the extent that Clary's motion challenges the calculation of his period of incarceration for the sentence this Court imposed, pursuant to 18 U.S.C. § 3621(b), the challenge is properly brought in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See Gomori v. Arnold, 533 F.2d 871, 875 (3d Cir. 1976) ("a challenge to a sentence as executed by the prison and parole authorities may be made by petition for a writ of

habeas corpus, whereas a challenge to the sentence as imposed must be made under 28 U.S.C. § 2255."). Even if construed as a § 2241 petition, however, the Court will dismiss the petition, as Clary has not exhausted his administrative remedies by presenting his challenge under § 3621(b) to the Bureau of Prisons. "The authority to calculate a federal prisoner's period of incarceration for the federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the BOP." Rashid v. Quintana, 372 F. App'x 260, 262 (3d Cir. 2010) (citing United States v. Wilson, 503 U.S. 329, 334-35 (1992)). Thus, Clary's proper course is to pursue the available administrative remedies to request the Bureau of Prisons to recalculate his sentence. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("we have consistently applied an exhaustion requirement to claims brought under § 2241.") As Clary has not exhausted his administrative remedies[2], the Court will dismiss his petition, construed as seeking relief under § 2241, without prejudice to refiling upon full administrative exhaustion.

  10. In sum, to the extent that Clary seeks to vacate the

---

[2] Indeed, it is not clear to the Court that Clary is yet being held in federal custody. In his last communication with the Court, Clary was still serving his five-year state sentence before beginning his consecutive federal sentence. Since his federal sentence is consecutive and he is currently serving his state sentence, he is not in federal custody for purposes of securing relief under § 2241.

Court's judgment under § 2255, his motion is denied as untimely filed.  To the extent that he seeks a writ of habeas corpus from the Court under § 2241, the Court will dismiss without prejudice for failure to exhaust.  The accompanying Order shall be entered.


**April 28, 2011**                       **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                                  United States District Judge